IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | |
|---|---|
| ALONZO DARRELL HALE,<br>AIS 340006,<br><br>    Petitioner,<br><br>vs.<br><br>ROLANDA CALLOWAY, WARDEN III,<br>OF KILBY CORRECTIONAL FACILITY,<br>*ET AL.*,<br><br>    Respondents. | *<br>*<br>*<br>*<br>*<br>*   CIVIL ACTION NO. 25-0060-KD-B<br>*<br>*<br>*<br>*<br>*<br>* |

## ORDER

Petitioner Alonzo Darrell Hale, an inmate at Kilby Correctional Facility, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2241. (Doc. 1). Hale is currently serving a seventeen-year custodial sentence imposed by the Circuit Court of Baldwin County, Alabama, following his conviction (based on a guilty plea) for reckless manslaughter.[1],[2] In his petition,

---

[1] Doc. 1; <u>State of Alabama v. Alonzo Darrell Hale</u>, No. 05-CC-2021-00461.00, Doc. 217 (Circuit Court of Baldwin County, Alabama).

[2] The Alabama Department of Corrections facility in which Hale is incarcerated lies within the Middle District of Alabama. The state court which convicted and sentenced Hale lies within the Southern District of Alabama. Under 28 U.S.C. § 2241(d), Hale's habeas petition is properly brought in either of those two federal districts:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such

Hale challenges "the validity of [his] conviction or sentence" on multiple grounds. (Doc. 1 at 2).

"Federal courts are obligated to look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Accord, Shevgert v. United States, No. 21-12135, 2023 WL 370842, at *1 (11th Cir. Jan. 24, 2023). Upon review of Hale's § 2241 petition and the claims asserted therein, the Court concludes that Hale's claims are not properly brought in a § 2241 petition; rather, Hale's claims should be brought in a habeas corpus action filed under 28 U.S.C. § 2254.

Acknowledging that previous case law regarding habeas petitions filed by state prisoners had "created unnecessary confusion" by not always being precise when describing the appropriate habeas vehicle, the Court of Appeals for the Eleventh Circuit explored the legislative history of 28 U.S.C. § 2241, 28 U.S.C. § 2254, and 28 U.S.C. § 2255 in Medberry v. Crosby,

---

person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C.A. § 2241(d). Thus, this Court has jurisdiction to entertain Hale's habeas petition.

2

351 F.3d 1049 (11th Cir. 2003). The Medberry Court determined that

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ -- to both federal and state prisoners. <u>Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court" his petition is subject to § 2254.</u>

Medberry, 351 F.3d at 1062 (quoting 28 U.S.C. § 2254) (underline added). The Eleventh Circuit has cautioned that "[a] state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition. If the terms of § 2254 apply to a state habeas petitioner – i.e., if he is 'in custody pursuant to the judgment of a State court' – then [the district court] must apply its requirements to him. . . . [We] hold that Appellant's petition is subject to both § 2241 and § 2254." Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) (quoting 28 U.S.C. § 2254(a) and applying Medberry). Here, it is undisputed that Hale is "in custody pursuant to the judgment of State court" and, therefore, the claims in his § 2241 petition must meet the additional requirements proscribed for a § 2254 petition.

In Castro v. United States, 540 U.S. 375 (2003), the United States Supreme Court held that a district court should not

3

recharacterize a pro se litigant's post-conviction motion as the prisoner's first § 2255 motion without providing adequate notice and warning to the defendant as to the consequences of recharacterization. Id. at 383. Although Castro addressed recharacterization of a *federal* prisoner's non-§ 2255 motion into a § 2255 motion, the Eleventh Circuit also requires a district court to provide Castro's "notice-and-warning" to a *state* prisoner before recharacterizing his/her non-§ 2254 petition into a § 2254 petition. Ponton v. Secretary, Florida Dep't. of Corrections, 891 F.3d 950, 953, n.3 (11th Cir. 2018) ("[T]he Castro notice-and-warning requirement applies to pleadings recharacterized as § 2254 petitions.") (citations omitted). See also, Dickson v. Dickson, Civil Action No. 1:21-00231-TFM-N, 2021 WL 11618034, at *2 (S.D. Ala. May 18, 2021) (following Ponton).

In accordance with Castro and Ponton, Hale is hereby placed on notice that the Court intends to recharacterize his § 2241 petition (Doc. 1) as a 28 U.S.C. § 2254 petition. Further, Hale is advised that this recharacterization of his § 2241 petition to a § 2254 petition carries serious consequences. If the § 2254 petition, so construed, is denied on the merits, any subsequent § 2254 motion Hale may wish to bring challenging his sentence would be subject to the requirements of 28 U.S.C. § 2244(b), which states:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

4

   (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

     (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

     (B)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

         (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b); <u>see also</u> Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Courts ("Before presenting a second or successive [§ 2254] petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition ....").

At this juncture, Hale has the options of withdrawing/dismissing his § 2241 petition OR of filing a § 2254 petition which includes all available claims for relief that he may wish to assert. Accordingly, it is **ORDERED** that, **on or before March 14, 2025,** Hale must file <u>either</u> (1) a written motion to withdraw/dismiss his § 2241 petition (which will result in the

5

termination of this action) or (2) a § 2254 petition using the Court's required form for § 2254 petitions.[3] If Hale chooses option (2) and files a § 2254 petition, he must include all claims for relief he wishes to bring under § 2254. Hale is cautioned that failure to file either a motion to withdraw/dismiss or a § 2254 petition will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

Additionally, a review of the docket reflects that Hale did not pay the $5.00 statutory filing fee nor file a motion to proceed without prepayment of fees at the time he filed his petition. Hale is thus **ORDERED** to pay the $5.00 filing fee or file a motion to proceed without prepayment of fees no later than **March 14, 2025.**

Any motion to proceed without prepayment of fees must be on this Court's required form for such motions. The motion must include a financial statement containing all transactions in Hale's inmate account for the six (6) months immediately preceding the date of the filing of his petition. The financial statement must be signed by an authorized jail official.

---

[3] See S.D. Ala. CivLR 9(a) ("All persons applying or petitioning for release from custody under . . . 28 U.S.C. § 2254 to challenge a sentence imposed by this Court, must file their . . . petition . . . with the Clerk using forms available from the Court."); Rule 2(d) of the Rules Governing Section 2254 Proceedings for the United States District Courts ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

6

Hale is cautioned that his failure to either pay the filing fee or file a motion to proceed without prepayment of fees within the prescribed time will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order. Additionally, it is Hale's responsibility to keep the Court appraised of any change in his address. S.D. Ala. GenLR 83.5(b). ("[a]ny person proceeding pro se must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and . . . must promptly notify the Clerk of any change of address . . . . Failure to comply with this Rule may result in sanction, including dismissal of a pro se plaintiff's action . . . ."). If Hale fails to immediately advise the Court of a change in his address, said failure shall result in a recommendation that action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

The Clerk is **DIRECTED** to send to Hale the current forms for a petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed without prepayment of fees.

**DONE** this **14th** day of **February, 2025.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**